**ERIEVIEW CARTAGE, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent. (Six Cases.)**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1994.
Decided Feb. 1, 1995.

Lawrence A. Salibra, II, for petitioner.

Kevin A. Moury, Deputy Atty. Gen., Tax Litigation Section, for respondent.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

COLINS, President Judge.

Erieview Cartage, Inc. (Erieview) petitions for review of an order of the Board of Finance and Revenue (Board) sustaining the Department of Revenue's (Revenue) assessment of corporate net income [1] (CNI) and corporate franchise [2] taxes for the years 1983 through 1985. We affirm.

The facts of the case are stipulated, and the Court adopts them. Erieview is a Delaware corporation with headquarters in Ohio. During the tax years in question, Erieview engaged in interstate motor transportation of property with Interstate Commerce Commission authorization as a contract carrier with irregular routes. Erieview has no certificate of public convenience from the Pennsylvania Public Utility Commission to engage in intrastate transportation, and it has no certificate of authority from the Pennsylvania Department of State.

Erieview transports property through Pennsylvania (pass-through miles), delivers property to Pennsylvania destinations from outside the state, and picks up property in Pennsylvania for delivery out of state. In each of the tax years in question, Erieview logged approximately 2 million highway miles in Pennsylvania, constituting approximately 15 to 18 percent of its total transportation miles for each year. Erieview owns no property in Pennsylvania and has no Pennsylvania business establishment or employees. All of Erieview's transportation business is conducted using equipment leased from independent owner-operators. The leases give Erieview exclusive possession, control, and use of the equipment and complete responsibility.

In the tax years 1983 through 1985, Erieview, as a motor carrier for hire, filed and paid Pennsylvania gross receipts tax [3] based on interstate miles travelled in Pennsylvania. The gross receipts tax is an excise tax paid for the use of Commonwealth highways. 72 P.S. § 2184. Erieview did not file Pennsylvania tax returns. Based on the foregoing information, Revenue's Bureau of Examination requested that Erieview file corporate net income tax and foreign corporation franchise tax reports. Erieview paid settlement amounts due, and in administrative reviews Erieview argued that it was not subject to the taxes. On appeal, the Board denied relief.

Erieview now requests that this Court find the assessment of the CNI and franchise taxes unconstitutional and inconsistent with Pennsylvania law. Erieview alleges that the imposition of the taxes violates the Due Process Clause of the Fourteenth Amendment [4] and creates an impermissible burden on interstate commerce [5].

**The Pennsylvania Taxes**

The CNI tax applies to Erieview as a corporation doing business in the Common-

---

1. Sections 401–412 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7401–7412.

2. Sections 601–606 of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7601–7606.

3. Sections 1–9 of the Act of June 22, 1931, P.L. 694, *as amended*, 72 P.S. §§ 2183–2191.

4. U.S. Const. amend. XIV.

5. U.S. Const. art. I, § 8, cl. 3.

wealth, carrying on activities in the Commonwealth, and having capital employed or used in the Commonwealth. 72 P.S. § 7401(1)(i)-(iii). Because Erieview is a trucking company whose entire business is not transacted within the Commonwealth, the tax assessment is based on the amount of Erieview's total net business income apportionable to revenue miles within the Commonwealth. 72 P.S. § 7401(3)2(b)(1). The franchise tax similarly applies to Erieview as a foreign entity doing business, carrying on activities, and having capital employed or used in the Commonwealth; and the assessment is apportioned using revenue miles within the Commonwealth. 72 P.S. §§ 7601, 7602(b).

**State Taxation of Interstate Commerce**

Having addressed numerous cases involving due process and Commerce Clause challenges to state taxation of foreign corporations, the U.S. Supreme Court has provided the framework for our analysis. We begin by applying the tests for each of the constitutional requirements to determine whether the Commonwealth has the authority to tax Erieview at all. *Allied–Signal, Inc. v. Director, Division of Taxation*, 504 U.S. 768, 112 S.Ct. 2251, 119 L.Ed.2d 533 (1992). If we determine that the state does have the authority to tax, we then apply the unitary business principle to determine "the reach of the State's legitimate power to tax." *Id.* at ——, 112 S.Ct. at 2258.

■ The Due Process Clause requires a minimum connection between the interstate activities and the taxing state and that the income attributed to the state be rationally related to the intrastate value of the corporate business. *Quill Corporation v. North Dakota*, 504 U.S. 298, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992); *Mobil Oil Corporation v. Commissioner of Taxes of Vermont*, 445 U.S. 425, 100 S.Ct. 1223, 63 L.Ed.2d 510 (1980). As noted in *Quill*, the minimum connection or nexus necessary for due process is based in the principles of fair play and substantial justice the court has developed in the area of

judicial jurisdiction.[6] Using that standard, a state can constitutionally tax a corporation's activities when the corporation has fair warning that the activity might subject it to the state's jurisdiction. *Quill*, 504 U.S. at ——, 112 S.Ct. at 1911.

"[I]n the case of a tax on an activity, there must be a connection to the activity itself, rather than a connection only to the actor the State seeks to tax." *Allied–Signal*, 504 U.S. at ——, 112 S.Ct. at 2258. In the instant case, Erieview has purposefully directed its activities at the Pennsylvania economic market, and the Pennsylvania taxes are rationally related to value Erieview receives from being able to carry on its activities in the Commonwealth. Erieview engages in the business activity of interstate transportation of property, and 15 to 20 percent of that activity (as measured in revenue miles) takes place within the Commonwealth. "[T]he requirements of due process are met irrespective of a corporation's lack of physical presence in the taxing State." *Quill*, 504 U.S. at ——, 112 S.Ct. at 1911.

■ Commerce Clause restrictions on state taxation are currently embodied in the four-part test set forth in *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977). A tax will be sustained against a Commerce Clause challenge so long as the tax meets all four requirements: The "tax [1] is applied to an activity with a substantial nexus with the taxing State, [2] is fairly apportioned, [3] does not discriminate against interstate commerce, and [4] is fairly related to the services provided by the State." *Id.* at 279, 97 S.Ct. at 1079.

The challenged Pennsylvania taxes meet the substantial nexus requirement. In this case, the taxed activity is transportation of property, and that activity has a substantial nexus with the Commonwealth. The nexus in this case is the same as that found in *C.I. Whitten Transfer Company v. Department of Revenue*, 34 Pa.Commonwealth Ct. 37, 382

---

6. *See International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (traditional notions of fair play and substantial justice); *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); *Burger King Corporation* *v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (purposeful availment of the benefits of an economic market even when the corporation has no physical presence in the state).

A.2d 1251 (1978), wherein we sustained a Commerce Clause challenge to the application of the CNI and franchise taxes to a foreign corporation engaged in interstate freight transportation. In that case, we referred to the fact that the corporation had a certificate of authority to do business in Pennsylvania in our discussion of the activity's substantial nexus with the Commonwealth, but by no means is such authorization essential to, or determinative of, the required nexus. The presence or absence of the certificate has no bearing on the volume of a corporation's business activities within the Commonwealth and its ability to take advantage of the Commonwealth's economy and services. In fact, the Commonwealth's proportionate share of Erieview's total revenue miles is greater than its share in *C.I. Whitten,* and C.I. Whitten had a certificate of authorization. *Id.* at 43–44, 382 A.2d at 1253–54.

The second and third parts of the *Complete Auto Transit* test address the potential problem of multiple taxation. The Pennsylvania CNI and franchise taxes are fairly apportioned and do not discriminate against interstate commerce. The taxes are assessed against both domestic and foreign corporations, and the use of an apportionment formula ensures that the Commonwealth takes no more than its fair share based on a comparison of total revenue miles and revenue miles within the Commonwealth. We came to the identical conclusions in *C.I. Whitten Transfer:* "The apportionment fraction used in computing Whitten's taxes assures that Whitten's interstate activities bear no more than ' "a fair share of the cost of the local government whose protection it enjoys." ' " *Id.* at 46, 382 A.2d at 1255 (quoting *Central Greyhound Lines, Inc. of New York v. Mealey,* 334 U.S. 653, 663, 68 S.Ct. 1260,

1266, 92 L.Ed. 1633 (1948) (quoting *Freeman v. Hewit,* 329 U.S. 249, 253, 67 S.Ct. 274, 277, 91 L.Ed. 265 (1946)).

■ That Erieview might be subject to double taxation does not necessarily mean that Pennsylvania's taxation places an undue burden on interstate commerce. The apportionment formula ensures that the Commonwealth taxes no more of the activity than is attributable to activities carried on within its borders. Assuming that each state applies its taxes only to those business activities having the required nexus, multiple taxation should be avoided.[7] In *Mobil Oil Corporation,* the U.S. Supreme Court rejected the corporation's argument that Vermont could not tax a portion of its dividend income because New York, its domicile, could tax all of its dividend income. Erieview cannot likewise avoid Pennsylvania taxes by raising the possibility of multiple taxation in the event that its domicile also taxes amounts apportionable to Pennsylvania.

The Pennsylvania taxes are fairly related to services provided by the Commonwealth. Erieview benefits directly and indirectly from the Commonwealth's protection, opportunities, and services. Notably, Erieview avails itself of access to the Commonwealth's economic market and enjoys the benefits and protections of its courts, laws, and law enforcement. Erieview uses the Commonwealth's roadways and bridges and shares in the benefits of its roadway maintenance and safety services.

■ Having determined that Pennsylvania may constitutionally tax Erieview as a foreign corporation doing business and employing capital in the Commonwealth, we now turn to the unitary business principle to ascertain the scope of that power to tax.[8]

---

7.  Although there is no clear holding on the issue, prominent commentators have suggested that income derived from interstate activities may be taxed in full by the domiciliary state and on an apportioned basis by nondomiciliary states in which the activities are conducted without offending the commerce clause.
    David F. Shores, *State Taxation of Interstate Commerce: Quill, Allied Signal and a Proposal,* 72 Neb.L.Rev. 682, 717 n. 150 (1993).

8.  The unitary business principle is invoked most often in cases where the taxing state attempts to reach income obtained from sources unrelated to the unitary business activity; for example, dividend income, which arises from investment activity, would not be apportionable if the dividend payor's activities are unrelated to the corporation's activities in the taxing state. *See e.g., Mobil Oil Corporation* (dividend income apportionable as unitary business income); *ASARCO Incorporated v. Idaho State Tax Commission,* 458 U.S. 307, 102 S.Ct. 3103, 73 L.Ed.2d 787 (1982) and

[T]he unitary business rule is a recognition of two imperatives: the States' wide authority to devise formulae for an accurate assessment of a corporation's intrastate value or income; and the necessary limit on the States' authority to tax value or income which cannot in fairness be attributed to the taxpayer's activities within the State.

*Allied–Signal*, 504 U.S. at ——, 112 S.Ct. at 2259. The unitary business principle permits a state to tax its proportionate share of the value of the unitary multistate business operation. The same principles that permit a state to tax a foreign corporation's in-state capital stock by reference to its unitary business also allow proportional valuation of a unitary business in enterprises of other sorts. *Id.* at —— —— ——, 112 S.Ct. at 2258–59. The principle has long applied to franchise and income taxes as well as to property taxes. *Id.; see, e.g., Underwood Typewriter Co. v. Chamberlain*, 254 U.S. 113, 41 S.Ct. 45, 65 L.Ed. 165 (1920) (income tax).

Accordingly, Erieview is subject to the Commonwealth's CNI and franchise taxes, which have been constitutionally applied in accordance with the requirements of Due Process and Commerce Clauses.

### ORDER

AND NOW, this 1st day of February, 1995, judgment in the above-captioned matter is entered in favor of the Commonwealth in the amount of $79,769:

| | Franchise Tax | Corporate Net Income Tax |
|---|---|---|
| 1983 | $3,977 | $20,252 |
| 1984 | 7,320 | 20,450 |
| 1985 | 7,320 | 20,450 |

Judgment becomes final unless exceptions are filed within thirty (30) days of the entry of this order pursuant to Pa.R.A.P. 1571(i).

*F.W. Woolworth Co. v. Taxation & Revenue Department*, 458 U.S. 354, 102 S.Ct. 3128, 73 L.Ed.2d 819 (1982) (dividend income not apportionable because not part of unitary business income).